UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>　　　　Defendants. | Case No. 1:17-cv-01013-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED IN FULL AND THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE<br><br>ECF No. 20<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Donald Glass is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's complaint in which he stated claims against defendants Gregory and Duran for excessive force, claims against defendants Gregory and Duran for deliberate indifference to medical needs, and a claim against defendant Duran for failure to protect. ECF No. 1; ECF No. 13.

On March 22, 2018, defendants moved for summary judgment under Federal Rule of Civil Procedure 56, arguing that plaintiff's action is barred by the statute of limitations and that plaintiff failed to exhaust available administrative remedies. ECF No. 20. Plaintiff filed an

opposition[1] on June 20, 2018, ECF No. 25, and defendants filed a reply on June 26, 2018, ECF No. 30. The motion was submitted on the record without oral argument under Local Rule 230(*l*).[2] Defendants' motion for summary judgment is now before the court, and we will recommend granting it.

## I. SUMMARY JUDGMENT STANDARD

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Summary judgment, or summary adjudication, should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

---

[1] In his opposition, plaintiff states, "The opposition will also be made on the grounds that plaintiff is entitled to summary judgment *sua sponte* under the doctrine of equitable tolling pursuant to fraudulent concealment of facts by defendants and the 'federal mail box rule.'" ECF No. 25 at 1-2. Though plaintiff's framing of his opposition could be interpreted as a cross-motion for summary judgment, the court understands plaintiff to mean that defendants' motion for summary judgment should be denied.

[2] As required by *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), plaintiff was provided with notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies via an attachment to defendants' motion for summary judgment. ECF No. 20-5.

2

1 | burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party
2 | bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact.
3 | *Id.* at 323.  An issue of material fact is genuine only if there is sufficient evidence for a
4 | reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect
5 | the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
6 | 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).  A party
7 | demonstrates that summary adjudication is appropriate by "informing the district court of the
8 | basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to
9 | interrogatories, and admissions on file, together with affidavits, if any,' which it believes
10 | demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting
11 | Fed. R. Civ. P. 56(c)).

12 | If the moving party meets its initial burden, the burden then shifts to the opposing party
13 | to present specific facts that show there to be a genuine issue of a material fact.  *See* Fed R. Civ.
14 | P. 56(e); *Matsushita*, 475 U.S. at 586.  An opposing party "must do more than simply show that
15 | there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587.  The
16 | party is required to tender evidence of specific facts in the form of affidavits, and/or admissible
17 | discovery material, in support of its contention that a factual dispute exists.  Fed. R. Civ. P.
18 | 56(c); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party is not required to establish a
19 | material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be
20 | shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."
21 | *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).
22 | However, "failure of proof concerning an essential element of the nonmoving party's case
23 | necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

24 | The court must apply standards consistent with Rule 56 to determine whether the moving
25 | party demonstrated there to be no genuine issue of material fact and showed that judgment is
26 | appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
27 | "[A] court ruling on a motion for summary judgment may not engage in credibility
28 | determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.

2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *accord Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## II. SUMMARY JUDGMENT RECORD

To decide a motion for summary judgment, a district court may consider materials listed in Rule 56(c). Those materials include depositions, documents, electronically-stored information, affidavits or declarations, stipulations, party admissions, interrogatory answers, "or other materials." Fed. R. Civ. P. 56(c). A party may object that an opponent's evidence "cannot be presented in a form that would be admissible" at trial, *see* Fed. R. Civ. P. 56(c)(2), and the court ordinarily rules on evidentiary objections before deciding a summary judgment motion to determine which materials the court may consider. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010); *Fonseca v. Sysco Food Servs. of Arizona, Inc*., 374 F.3d 840, 845 (9th Cir. 2004). Here, defendants present plaintiff's complaint; the declaration of B. Hancock, the Litigation Coordinator at Kern Valley State Prison ("KVSP"); the declaration of M. Voong, the Chief of the Office of Appeals for the California Department of Corrections and Rehabilitation ("CDCR"); court filings in the case of *Glass v. Gregory, et al.* ("*Glass I*"), No. 1:14-cv-01703-RRB (E.D. Cal. Apr. 12, 2016);[3] and various supporting documents. ECF No. 1; ECF No. 20; ECF No. 20-3; ECF No. 20-4; ECF No. 21. Plaintiff presents his complaint, his verified declaration, his administrative grievances and CDCR responses, defendants' response to plaintiff's request for admissions, court filings in *Glass I*, a notice of administrative-segregation-unit placement, a log of his external movements, and various other documents. ECF No. 1; ECF No. 26. No party disputes these materials' admissibility.

---

[3] The court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Eastern District of California court filings are a source the accuracy of which cannot reasonably be questioned, and judicial notice may be taken of court records. *See Mullis v. United States Bank. Ct*., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). Accordingly, judicial notice is taken of the court's docket in *Glass v. Gregory, et al.*, No. 1:14-cv-01703-RRB (E.D. Cal. Apr. 12, 2016).

The two questions here are (1) whether plaintiff's action is barred by the statute of limitations and (2) whether plaintiff has exhausted available administrative remedies for his claims. In his verified complaint, ECF No. 1, plaintiff makes allegations that are summarized as follows: In 2010, plaintiff was housed at KVSP, and he suffered from severe depression, anxiety and Post Traumatic Stress Disorder. On October 28, 2010, plaintiff was admitted to the infirmary pending what he expected to be a transfer to the Correctional Treatment Center ("CTC") Mental Health Crisis Unit. Instead, plaintiff was prescribed heavy sedatives, refused admission to CTC, and placed in a suicide observation cell. While in the cell, plaintiff turned off the light, which was against the rules. Under the influence of sedatives, he fell asleep. At approximately 11:00 p.m., defendants Duran and Gregory arrived at plaintiff's cell door with several other prison officers. Gregory opened the food port in the door to plaintiff's cell and pepper-sprayed plaintiff's face and body. Plaintiff awoke to excruciating pain. He was disoriented from the sedatives and took ten to fifteen seconds to comply with Gregory's command to turn on the light. Gregory continued spraying, reaching her arm inside the cell to spray more effectively. Plaintiff was unable to comply with Gregory's commands because he had been blinded by the pepper spray. Plaintiff was partially nude and attempted to cover his body with a blanket to defend against the pepper spray. Gregory reached in and grabbed the blanket and, with the help of other staff, wrenched the blanket from plaintiff's hands, while continuing to spray plaintiff. Eventually, plaintiff was able to turn on the light. As he retreated to the back of the cell, Gregory continued spraying several more cans of pepper spray on plaintiff's neck, back, shoulders and buttocks. Gregory and Duran would not allow plaintiff to shower afterwards, so his suffering from the spray continued. Gregory laughed and stated, "I want your balls to burn so you learn not to ever turn out the lights."

The parties agree that plaintiff submitted a grievance (KVSP-0-10-02369) concerning the alleged incident on November 22, 2010. ECF No. 20-4 at 7; ECF No. 26 at 4. The grievance bypassed the first level of review and was received and accepted at the second level. ECF No.

20-4 at 7. CDCR staff completed a second-level response on January 20, 2011,[4] and a copy of the response was placed in plaintiff's C-File.[5] ECF No. 20-3 at 21; ECF No. 20-4 at 1-2. On February 28, 2011, plaintiff submitted a Form 22[6] complaining that he had not received the second-level response. ECF No. 26 at 4. On March 29, 2011, an appeals coordinator responded to plaintiff's Form 22 by stating that plaintiff "should have received a 'copy' of [the second-level response] on 1/20/2011. If you need a copy of this appeal contact your [Correctional Counselor]." ECF No. 26 at 4. Plaintiff inspected his C-File on August 27, 2012.[7] ECF No. 20-4 at 11; ECF No. 26 at 5. After this inspection, plaintiff states that he did not have access to his legal materials during parts of 2013 because he was repeatedly transferred among California state prisons. ECF No. 26 at 5.

On October 31, 2014, plaintiff filed his first lawsuit in the Eastern District of California concerning the alleged incident of October 28, 2010.[8] ECF No. 21-1. On April 12, 2016, the court found that plaintiff did not pursue KVSP-0-10-02369 through the third level of review and, therefore, dismissed the case without prejudice for plaintiff's failure to exhaust administrative remedies. ECF No. 21-6. Judgment was entered in favor of the defendants. ECF No. 21-7.

After the lawsuit, plaintiff submitted the grievance to the third level of review, where it was accepted on October 20, 2016. ECF No. 20-3 at 2; ECF No. 29 at 2. On January 13, 2017,

---

[4] Plaintiff states that the second level response was due to him on January 14, 2011, and the January 20, 2011 response should be considered late. ECF No. 26 at 4.
[5] "The C-File is the central depository for copies of all documents, correspondence, and reports pertaining to each inmate. A C-File is inaugurated for each new inmate upon admission in the department." ECF No. 20-4 at 1.
[6] Neither party explains what a "Form 22" is. The court infers that it is a form inmates use to request documentation from CDCR.
[7] Plaintiff states that he should have been able to review his C-File sooner, but was improperly delayed from doing so. ECF No. 26 at 5; ECF No. 29 at 2. He states that he requested a copy of his appeal on March 10, 2011, but none was provided to him at that time. ECF No. 26 at 5.
[8] In *Glass I*, plaintiff brought the following claims: excessive force claims under the Eighth Amendment against defendants Duran, Gregory, Galvin and Garza; inadequate training/supervision claims against defendants Galvin and Garza; and claims for conspiracy to bring false criminal charges against defendants Duran, Gregory, Galvin, Garza, Stiles, Arlitz, and Bianchi. ECF. No. 21-1. The court screened the complaint and allowed plaintiff to proceed on only the excessive force claims against Duran and Gregory. Screening Order at 9, *Glass v. Gregory, et al.*, No. 1:14-cv-01703-RRB (E.D. Cal. Apr. 12, 2016).

CDCR issued a response cancelling the appeal for the reason that plaintiff failed to comply with time constraints for submitting the appeal. ECF No. 20-3 at 2. Plaintiff has not appealed this cancellation. *Id.* at 3. Plaintiff filed his current lawsuit on July 31, 2017. ECF No. 1. Plaintiff alleges that he was subjected to exceptional circumstances that prevented him from pursuing this action sooner. ECF No. 26 at 6.

### III. DISCUSSION

Defendants move for summary judgment, arguing that the statute of limitations has expired and that plaintiff failed to exhaust his administrative remedies. The court will first address whether this action is barred by the statute of limitations.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted). Because § 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In California, the general residual statute of limitations for personal injury actions—the two-year period set forth at California Civil Procedure Code section 335.1—is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).

In actions where the federal court borrows the state statute of limitations—including actions, like this one, under § 1983—courts also borrow provisions for tolling the limitations period from state law. *See Jones*, 393 F.3d at 927. Under California law, prisoners benefit from a two-year tolling provision for damages actions if at the time the cause of action accrued they were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction. Cal. Civ. Proc. Code § 352.1.

Here, plaintiff was imprisoned at the time the cause of action accrued, so he had four years to file his claims for money damages, considering both the statute of limitations and tolling. Plaintiff alleges that defendants' wrongdoing occurred on October 28, 2010, so he was required to file his civil action by October 28, 2014. Therefore, plaintiff's current action, filed on July 31, 2017, is barred by the statute of limitations unless plaintiff is entitled to equitable tolling. ECF

No. 1.

California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially-created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied. *McDonald*, 45 Cal. 4th at 99 (quotation marks and citations omitted). The burden of alleging facts that would give rise to equitable tolling falls upon the plaintiff. *Hinton v. Pac. Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993).

Under California's equitable tolling doctrine, plaintiff is entitled to tolling for the time he was exhausting his administrative claims. *See Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005). There is some question as to the exact period of time during which plaintiff was pursuing his administrative claims. Defendants contend that tolling should begin on the date plaintiff submitted his administrative grievance—November 22, 2010—and run through the date when he received notice that a second-level response had been issued—March 3, 2011. ECF No. 20-1 at 5. Plaintiff does not articulate how he believes this time period should be tabulated for tolling purposes, perhaps because the thrust of his argument is that administrative remedies were unavailable. *See* ECF No. 25 at 14-17; ECF No. 29 at 2. Presumably, however, plaintiff would argue that the he was pursuing administrative remedies from the date of his original submission until at least March 10, 2011—the date when he requested a copy of his appeal—and from October 20, 2016 to January 13, 2017—the time period during which he pursued his appeal at the third level.[9] *See* ECF No. 20-3 at 2; ECF No. 26 at 5.

---

[9] Plaintiff would be foreclosed from arguing that the administrative exhaustion period spanned the entire period of November 22, 2010—the date he submitted the initial appeal—through January 13, 2017—the date he received a response from the third level of review—because he was not actively pursuing administrative remedies during this time. *See Soto v. Sweetman*, 882 F.3d 865, 875 (9th Cir. 2018) (holding that plaintiff "is entitled to tolling while he was actively exhausting his remedies . . . [but] is not entitled to tolling during the time he abandoned the process." (citation omitted)).

8

If the court were to accept the framing that is advantageous to plaintiff, the statute of limitations would be tolled for 193 days.[10] In this scenario, 193 days of equitable tolling, in addition to the aforementioned two-year statutory limitations period and two years of statutory tolling, would mean that plaintiff was required to file this suit by May 9, 2015. He did not do so. Instead, he filed this action on July 31, 2017, more than two years later. ECF No. 1.

Plaintiff contends that the statute of limitations should be tolled further because, when he was not actively pursuing his administrative remedies, he was pursuing his legal remedies in *Glass I*. Plaintiff is incorrect. While it is true that we will equitably toll the statute of limitations in one forum while a plaintiff pursues a claim in another forum, *Addison v. State of California* 21 Cal. 3d 313, 317 (1978); *see Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 925 (Cal. Ct. App. 1983) (concluding that "the two 'causes of action' need not be absolutely identical" for equitable tolling to apply), equitable tolling generally does not apply when a party pursues nearly identical claims in the *same* forum, such as here. *See Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 984, 79 Cal. Rptr. 2d 329 (1998); *see also O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (per curiam) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the [] limitations period."[11]); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.").

There is one exception to this general rule: When a plaintiff pursues the same claim in the same forum, the statute of limitations may be tolled under California law under a "general equitable rule" known as the "Bollinger rule." *See Bollinger v. Nat'l Fire Ins. Co.*, 25 Cal. 2d

---

[10] November 22, 2010—the date plaintiff submitted the original appeal—through March 10, 2011—the date he requested a copy of the second level response—spans 108 days. The time plaintiff spent actively exhausting the appeal to the third level, from the date he submitted the appeal to the third level—October 20, 2016—to the date of a third level response—January 13, 2017—is 85 additional days. *See* ECF No. 20-3 at 2.

[11] The parties dispute whether the complaint in *Glass I* was timely, but the court need not reach this question because, even if it was timely, *Glass I* would not toll the statute of limitations for the reasons discussed herein.

9

399, 410 (1944). In *Bollinger*, "(1) the trial court had erroneously granted the initial nonsuit, (2) dilatory tactics on the part of the defendant had prevented disposition of the first action in time to permit a [timely] second filing . . . , and (3) plaintiff had at all times proceeded in a diligent manner." *Wood*, 20 Cal. 3d at 360 (citing *Bollinger*, 25 Cal. 2d at 406). "[T]he concurrence of the three factors present in *Bollinger* is essential to an application of the rule stated therein." *Wood v. Elling Corp.*, 20 Cal. 3d 353, 360 (1977); *see also Allen v. Greyhound Lines, Inc.*, 656 F.2d 418, 421 (9th Cir. 1981) ("[T]he California Supreme Court in *Wood* . . . limited *Bollinger* to its facts . . . [requiring that] plaintiff must demonstrate the existence of those three factors present in *Bollinger*.").

Because plaintiff proceeds with the same claim—excessive force—in the same forum—the Eastern District of California, *Bollinger* could potentially apply. While the court reserves judgment on the third *Bollinger* factor—whether plaintiff proceeded in a diligent manner—the first two *Bollinger* factors—trial-court error in granting summary judgment and dilatory defense tactics—are not found in this case. Despite plaintiff's conclusory assertions to the contrary, *see* ECF No. 29 at 2, this court did not erroneously grant the motion for summary judgment for failure to exhaust in *Glass I*. As described in *Glass I*, the law is well-settled that a prisoner must exhaust administrative remedies prior to filing a federal civil rights complaint. There is also no evidence to suggest that defendants engaged in any dilatory tactics during the litigation that delayed disposition of the first action. Therefore, plaintiff is not entitled to equitable tolling under *Bollinger*. *See Dimcheff v. Bay Valley Pizza Inc.*, 84 F. App'x 981, 9883 (9th Cir. 2004) (concluding that tolling not available when second *Bollinger* factor not met); *Mitchell v. Snowden*, No. 2:15-cv-1167 TLN AC P, 2016 WL 5407858, at *3-7 (E.D. Cal. June 10, 2016) (concluding that *Bollinger* was not applicable to a pro se prisoner where none of the factors were met).

There is one final doctrine that could save plaintiff's action from being barred by the statute of limitations: The doctrine of equitable estoppel may extend the limitations period on equitable grounds. *Lukovsky*, 535 F.3d at 1051. Equitable estoppel "focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as

'fraudulent concealment.'" *Lukovsky* at 1051 (quoting *Johnson*, 314 F.3d at 414).

Under California law, equitable estoppel requires that:

> (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury.

*Lukovsky*, 535 F.3d at 1051-52 (quoting *Honig v. S.F. Planning Dep't*, 127 Cal. App. 4th 520, 529 (2005)). To establish equitable estoppel, or "fraudulent concealment" by defendants, the plaintiff must show "some active conduct by the defendant above and beyond the wrongdoing upon which the plaintiff's claim is filed." *Id.* (internal quotation marks omitted).

In his legal brief opposing summary judgment, plaintiff states that he should be entitled to "equitable tolling pursuant to fraudulent concealment of facts by defendants." ECF No. 20 at 1. While plaintiff may be merely arguing for equitable tolling, the court will construe his argument as a request for equitable estoppel. Plaintiff alleges that prison officials fraudulently concealed the second-level response issued on January 20, 2011. In plaintiff's declaration, he states:

> On information and belief prison officials at KVSP wh[o] intentionally destroyed the original appeal # KVSP-0-10-02369 in early 2011 were absolutely aware of the reasons why I needed a copy [of] this appeal to exhaust administrative remedies and file a § 1983 civil rights lawsuit also fraudulently concealed the fact that a copy of appeal # KVSP-0-10-02369 was in my c-file to delay and/or deny me from litigating my claims at bar on the merits.

ECF No. 26 at 6.

The court does not engage in credibility determinations at the summary judgment stage, *Manley*, 847 F.3d at 711, but it does not have to accept vague and conclusory statements in a declaration, *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir.1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). Because plaintiff fails to marshal any corroborating evidence for his assertions of fraudulent concealment, plaintiff has not met his

burden to show "some active conduct by the defendant above and beyond the wrongdoing upon which the plaintiff's claim is filed." *Lukovsky*, 535 F.3d at 1051-52 (internal quotation marks omitted). Accordingly, the court finds that equitable estoppel is not warranted in this case.

There is no genuine dispute of fact: Plaintiff filed this case on July 31, 2017, but the statute of limitations had run on or before May 9, 2015. Summary judgment should be granted for defendants.[12]

**IV.    FINDINGS AND RECOMMENDATIONS**

Accordingly, the court recommends:

1. that defendants' motion for summary judgment, ECF No. 20, be granted in full;

2. and that this case be dismissed without prejudice.

The undersigned submits the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    December 9, 2018                         _____
                                                   UNITED STATES MAGISTRATE JUDGE

---

[12] Because plaintiff's action is barred by the statute of limitations, the court need not reach the parties' arguments concerning exhaustion of administrative remedies.